FREDERICK M. LOTTERLE, LANDLORD, RESPONDENT, v. JOHN MURPHY, TENANT, APPELLANT.

*Landlord and tenant — summary proceedings — jurisdiction of State courts over the United States Navy Yard.*

The State courts have jurisdiction of a summary proceeding, instituted under the Code of Civil Procedure, to dispossess a tenant, whose landlord is a lessee from the United States, of premises belonging to the United States as part of the Brooklyn Navy Yard.

APPEAL by the tenant, John Murphy, from an order and judgment of the County Court of Kings county, entered in the office of the clerk of that county on the 20th day of September, 1892, affirming a final order in summary proceedings, instituted under the Code of Civil Procedure, before a justice of the peace of the city of Brooklyn, because of the non-payment of rent by the said John Murphy.

The tenant's answer to the petition in the Justice's Court was, in addition to the general denial, as follows:

" And, for a further defense, he shows that the magistrate, before whom this proceeding is pending, has no jurisdiction over the subject-matter involved herein, for the reason that the premises mentioned in the petition herein are part of a reservation or territory of the property of the United States of America, over which the courts of the United States have sole and exclusive jurisdiction. Wherefore he prays for judgment of dismissal."

Jurisdiction over the land, comprised in the Brooklyn Navy Yard, has been ceded to the United States by the State of New York by chapter 181 of Laws of 1833; chapter 355 of Laws of 1853, and section 29 of chapter 678 of Laws of 1892, being chapter 2 of the general laws, " The State Law."

*James J. Rogers*, for the appellant.

*S. T. Maddox*, for the respondent.

BARNARD, P. J.:

The United States government rent by written lease to the plaintiff, landlord, certain premises in Wallabout bay, Kings county, which are part of the Navy Yard premises. The defendant, John Murphy, hired of Lotterle a part of the premises at a fixed rent and he has

failed to pay. The case is a clear one under our laws, in respect to the dispossessing of delinquent tenants, if the State courts have jurisdiction over the lands. The point seems to be settled in *Barrett* v. *Palmer* (47 N. Y. St. Rep., 876), that the jurisdiction of the State courts continues unchanged, except so far as the use of the lands is antagonistic to the interference of the State courts. As the case stands there is no such antagonism. The government of the United States has put the lands in the possession of the plaintiff for rent and for the private use of the plaintiff, and the defendant has taken these lands under similar conditions. The United States government has passed no laws so as to enable its tenant to get his right of one who leases from him. The ordinary State laws cover the case, therefore, of necessity.

The judgment should be affirmed, with costs.

PRATT, J.:

We are not able to distinguish this case from *Barrett* v. *Palmer* (47 N. Y. St. Rep., 876), where the Court of Appeals held that the acquisition of lands by the general government does not operate to oust the judicial authority of the State. From that it follows that the justice of the peace had jurisdiction of the proceeding.

We have examined the other objections raised and do not find error and the judgment should be affirmed, with costs.